JOURNAL ENTRY AND OPINION
Appellant, Larry Copeland, appeals his conviction in the Cuyahoga County Court of Common Pleas asserting that the imposition of consecutive sentences for multiple offenses is erroneous absent the express findings mandated by R.C. 2929.14
(E)(4). We find appellant's claim to have merit.
On March 3, 1998, the Cuyahoga County Grand Jury returned a three-count indictment of the appellant. Count one alleged the appellant had trespassed on the land and premise of Lynette Kilpatrick with intent to commit a felony, a violation of R.C.2911.13, breaking and entering. Count two alleged that the appellant inflicted, attempted to inflict or threatened to inflict harm upon Lynette Kilpatrick in attempting or committing a theft offense, a violation of R.C. 2911.02, robbery. Count three alleged that the appellant inflicted, attempted to inflict or threatened to inflict harm upon Linda Cade in attempting or committing a theft offense, a violation of R.C. 2911.02, robbery. Counts two and three further contained notices of prior conviction pursuant to R.C. 2929.13 (F)(5).
The appellant was tried and convicted on all counts. On September 18, 1999, appellant was sentenced to six months incarceration pursuant to count one, six years of incarceration pursuant to counts two and three. Counts two and three were set to run consecutively, an aggregate of twelve years. Count one was set to run concurrently with counts two and three.
On January 14, 1999, appellant filed a Motion to File a Delayed Appeal. On February 1, 1999, we granted appellant's motion. Appellant cites one assignment of error for our review.
 THE TRIAL COURT ERRED IN SENTENCING APPELLANT TO MAXIMUM, CONSECUTIVE TERMS OF INCARCERATION WITHOUT SETTING FORTH THE MANDATORY FINDINGS REQUIRED BY R.C. §§ 2929.14 (E)(4) and 2929.19 (B)(2)(C).
The appellant asserts that the trial court erred when it failed to follow the statutory requirements for imposing consecutive sentences. The appellee concedes this point. See the appellee's brief at page one.
R.C. 2929.19 (B)(2)(c) states that the court shall make a finding that gives its reasons for selecting the sentence when imposing consecutive sentences under R.C. 2929. R.C. 2929.14
(E)(4) instructs that antecedent to the imposition of consecutive sentences for multiple offenses, the court must make express findings that such a sentence,
 ". . . is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender posses to the public. . . ."
Furthermore, the court must also make a determination that one of the factors in R.C. 2929.14 (E)(4)(a)-(c) is present. State v. Kebe, (November 12, 1998), Cuyahoga App. No. 73398, unreported, at 6; State v. Albert (Nov. 13, 1997), Cuyahoga App. No. 72677, unreported, at 10. In the case sub judice, the trial court made no such finding. Accordingly, the appellant's sole assignment of error is well taken.
The sentence of the trial court is reversed and remanded for sentencing consistent with R.C. 2929.14 (E).
JUDGMENT REVERSED.
This cause is reversed and remanded for further proceedings consistent with the opinion herein.
It is, therefore, considered that said appellant recover of said appellee his costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.
JUDGMENT: REVERSED AND REMANDED.
 ___________________________ JAMES D. SWEENEY JUDGE
 TERRENCE O'DONNELL, P.J., and MICHAEL J. CORRIGAN, J., CONCUR.